

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOMINIC WATERS,<br><br>Defendant. | No. 3:26-mj-00301-KFR |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Michael Sheffield, having been first duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Federal Bureau of Investigation.

2. I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that DOMINIC WATERS has committed the following federal criminal offenses: 21 U.S.C. §§ 841(a)(1),(b)(1)(C) (Possession with Intent to Distribute a Controlled Substance).

3. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since March 2024 and attended New Agent's Training in Quantico, Virginia. Following my graduation, I was assigned to the Anchorage FBI Field Office on the Violent Crimes Squad and Homeland Security Task Force. As part of my FBI duties, I investigate criminal violations of federal law, which include racketeering offenses and the Controlled

Substances Act. In addition to my training in the enforcement of federal law, my education, training, and experience have included, among other things: the debriefing of defendants, witnesses, informants, as well as others who have knowledge of criminal activity, and the laundering and concealment of proceeds of criminal activity; surveillance; the analysis of documentary and physical evidence; and the writing and execution of search warrants.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the affidavit is intended to establish probable cause to support a complaint and secure an arrest warrant, I have not included each and every fact known to me concerning this investigation.

**FACTS ESTABLISHING PROBABLE CAUSE**

5.      For the reasons stated herein, I submit that there is probable cause to arrest DOMINIC WATERS (hereafter referred to as "WATERS") for violating 21 U.S.C. §§ 841(a)(1),(b)(1)(C). This probable cause is based on the following:

6.      The United States, including the Federal Bureau of Investigation (FBI), Drug Enforcement Administration (DEA) along with the Alaska State Troopers (AST) and Anchorage Police Department (APD) conducted a criminal investigation of WATERS, a drug trafficker involved in transporting large quantities of various narcotics, including cocaine, into and within the State of Alaska.

7.      On April 30, 2026, investigators from FBI Anchorage SWAT served a search warrant (3:26-cr-00298-MMS) on the person of Dominic WATERS and his residence, 635 W 87th Avenue, Unit #3, Anchorage, AK (hereafter "SUBJECT RESIDENCE).

Affidavit in Support of Criminal Complaint
3:26-mj-00301-KFR                              Page 2 of 6
Case 3:26-mj-00301-KFR     Document 1-1     Filed 05/01/26     Page 2 of 6

Prior to service of the search warrant, investigators conducting pre-operational surveillance observed WATERS departing the residence in a silver SUV later determined to be a ride share. Investigators followed the vehicle and contacted WATERS once the vehicle stopped and WATERS exited. WATERS was detained on scene and searched pursuant to the search warrant. Multiple items of gold jewelry and $5,050.26 in U.S. Currency were removed from his person.

8. During the contact with law enforcement, WATERS was verbally combative with law enforcement and described by AST Trooper Wallace Kirksey as "preparing to flee or fight." WATERS was detained and later remanded by Anchorage Police Department on a pre-trial release condition violation based on items found during the search of his residence.

9. While WATERS was detained, FBI SWAT served the search warrant on the SUBJECT RESIDENCE. Agents described the residence as a "fortress," which had been reinforced with bars on the windows, multiple locks on all entrances, and metal reinforcements with more secure bolts on the door. The reinforcement was noted as an additional challenge for breaching and entering the residence, and as a level of security beyond normal.

10. Following service of the warrant, FBI, AST, and DEA investigators searched the SUBJECT RESIDENCE. An initial walk through identified an M&P Bodyguard .380 handgun, a vacuum sealed kilogram sized brick suspected to be narcotics, large quantities of U.S. Currency, ammunition, and one item of body armor all in plain view.

//

//

Affidavit in Support of Criminal Complaint
3:26-mj-00301-KFR                          Page 3 of 6
Case 3:26-mj-00301-KFR     Document 1-1     Filed 05/01/26     Page 3 of 6

11. As the search of the residence commenced, investigators found a single bed showing occupation by WATERS based on the presence of men's clothing and identification documents belonging to WATERS. No other rooms in the residence had beds or appeared to be occupied by another individual. Neighbors and the building owner, Marie MODESTE, confirmed that WATERS was the occupant of SUBJECT RESIDENCE, as well as WATERS's girlfriend, WILLOW VIALPANDO, who arrived on scene while the search was being conducted and confirmed WATERS's staying there. Additionally, surveillance of the residence prior to service of the search warrant observed WATERS coming and going from SUBJECT RESIDENCE.

12. Further search of the residence resulted in the collection of hundreds of rounds of ammunition, a serialized lower receiver for a second gun, rifle and pistol magazines, small, gram level quantities of a white powder suspected to be narcotics, large quantities of U.S. Currency, four (1) ounce gold bars, cryptocurrency information, and an opened FedEx package. Based on my training and experience, the FedEx package, which consisted of a cardboard box placed inside a larger cardboard box and spray foam sealed in place, resembled the style of packaging utilized by drug traffickers when shipping large quantities of controlled substances.

13. The evidence was collected and brought back to FBI Anchorage for processing. The vacuum sealed brick tested presumptive positive for cocaine with a total package weight of 1,317.6 grams. The other smaller quantities of suspected narcotics weighed 8.3 grams, but presumptive testing yielded inconclusive results. In total, $87,850.26 in U.S. currency were collected from WATERS and SUBJECT RESIDENCE.

Affidavit in Support of Criminal Complaint
3:26-mj-00301-KFR                      Page 4 of 6
Case 3:26-mj-00301-KFR     Document 1-1     Filed 05/01/26     Page 4 of 6

14. Following WATERS's detention at Anchorage Correctional Complex (ACC), he made a phone call to Willow VIALPANDO on May 1, 2026 at 12:19 P.M. During that call, WATERS was recorded stating to VIALPANDO, "I've never been a threat to society, but if they want me to I can be," followed shortly after by him saying, "well not to society, just the fuckin' police."

15. At the time of the warrant service, WATERS was on pre-trial release for a State of Alaska felony charge related to drug distribution from December 18, 2025, (3AN-25-08234CR), and under conditions not to possess controlled substances.

16. Based on my training and experience, I believe that WATERS is involved in the sale and distribution of controlled substances in Anchorage, AK. Based on my training and experience, the kilogram of suspected cocaine found in his residence, bulk quantities of U.S. currency, firearm, FedEx parcel and security measures installed on the SUBJECT RESIDENCE are indicative of the possession with intent to distribute controlled substances at and from the SUBJECT residence. Additionally, the behavior and statements of WATERS and the security measures in place at the SUBJECT RESIDENCE are believed to pose a continuing threat to society and law enforcement, which detention would prevent in WATERS's case.

**CONCLUSION**

17. For the reasons described above, based on my training and experience and the facts as set forth in this affidavit, I submit that there is probable cause to believe that DOMINIC WATERS has committed the offenses described in the attached criminal

Affidavit in Support of Criminal Complaint
3:26-mj-00301-KFR                    Page 5 of 6
Case 3:26-mj-00301-KFR    Document 1-1    Filed 05/01/26    Page 5 of 6



complaint. Accordingly, I ask the Court to issue the complaint and an arrest warrant for DOMINIC WATERS in accordance with Federal Rule of Criminal Procedure 4(a).

18. This affidavit was reviewed by AUSAs Stephan A. Collins and Seth Beausang prior to submission to the Court.

RESPECTFULLY SUBMITTED,

*Michael Sheffield*

**Michael Sheffield**
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1

May 1, 2026

THE HON. MATTHEW M. SCOBLE
U.S. Magistrate Judge
DISTRICT OF ALASKA

Affidavit in Support of Criminal Complaint
3:26-mj-00301-KFR                    Page 6 of 6
Case 3:26-mj-00301-KFR    Document 1-1    Filed 05/01/26    Page 6 of 6